# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Gail Smith, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 89 C.D. 2025 |
| | : | |
| Atria Management Company, LLC | : | |
| (Workers' Compensation Appeal | : | |
| Board), | : | |
| Respondent | : | Submitted: April 13, 2026 |

BEFORE:　　HONORABLE RENÉE COHN JUBELIRER, President Judge
　　　　　　HONORABLE MATTHEW S. WOLF, Judge
　　　　　　HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE WOLF　　　　　　　　　　　　　　　　　FILED:　June 11, 2026

Gail Smith (Claimant) petitions this Court for review of a December 27, 2024 order of the Workers' Compensation Appeal Board (Board), which affirmed a decision by workers' compensation judge (WCJ) Andrea McCormick to grant a petition to modify Claimant's wage loss benefits (Modification Petition III) filed by Atria Management Company (Employer). Claimant argues that WCJ McCormick's decision disregarded previous factual findings in the case and improperly relied on the flawed testimony of Employer's impairment rating examiner. Because WCJ McCormick's decision is supported by substantial evidence of record and legally sound, we affirm the Board.

## I. Background

Claimant, a licensed practical nurse, sustained a disabling lower back injury while lifting a patient at Employer's assisted living facility on December 13, 2016. Certified Record (C.R.), Item No. 21 (WCJ Hakun Decision), Appendix, Evidence Summary (Evidence Summary) ¶ 1. Employer promptly filed a Notice of Temporary Compensation Payable (NTCP) listing the injury as a lumbar sprain and began issuing temporary total disability (TTD) payments to Claimant. *Id.*

On June 21, 2019, a rehabilitation counselor, Michael Symchynsky, initiated a labor market survey (LMS) at Employer's request; after the LMS was completed, Employer filed a petition to modify Claimant's benefits (Modification Petition I) on the ground that physically appropriate work was available to Claimant. Evidence Summary ¶ 4(a)-(c). Meanwhile, Claimant filed a separate petition to modify her benefits (Modification Petition II), in which she requested that the injury description be amended to include "post-laminectomy syndrome, including arachnoiditis and lumbar radiculopathy, and aggravation of spondylosis and neural foraminal narrowing." *Id.* ¶ 3.

In support of their respective petitions, Employer presented the deposition testimony of Mr. Symchynsky and of Dr. Gregory Pharo, who performed an independent medical examination of Claimant, while Claimant testified on her own behalf and presented the deposition testimony of Dr. Miteswar Purewal, her pain management specialist. WCJ Hakun Decision, Finding of Fact (F.F.) No. 2. Dr. Pharo agreed with Mr. Symchynsky that Claimant could return to work in a sedentary capacity with accommodations but acknowledged that she suffered from lumbar radiculopathy, among other ailments, precluding full-time employment. Evidence Summary ¶ 5(c)-(e). Dr. Purewal opined that Claimant could not return to

gainful employment due to chronic pain in her lower lumbar spine as well as side effects of her pain medication. *See generally id.* ¶ 7(b)-(n).

In a June 16, 2022 decision, WCJ Joseph Hakun found that Claimant met her burden of proof and granted Modification Petition II. WCJ Hakun Decision, Conclusion of Law (C.L.) No. 1. Denying Modification Petition I, WCJ Hakun found that Employer failed to meet its burden of proof that work was available to Claimant. *Id.*, C.L. No. 2. WCJ Hakun explained that Dr. Purewal's "long[-]standing medical experience with [] Claimant as a treating physician" weighed in favor of his opinions, including his opinion that Claimant was unable to return to work. *Id.*, F.F. No. 5. Regarding the injury description, WCJ Hakun noted that even Dr. Pharo acknowledged observing lumbar radiculopathy during his examination of Claimant. *Id.*, F.F. No. 7. Accordingly, WCJ Hakun credited the testimony of both medical experts, explaining as follows:

> As related to Claimant's Modification Petition [II], essential agreement has been reached—as related to an expanded description of Claimant's December 13, 2016, work injury. Both medical experts expanded the nature of Claimant's work-related injuries – and their respective opinions are accepted, which[,] *inter alia*, include work-related post laminectomy pain syndrome and lumbar radiculopathy. Relief is appropriately granted on Claimant's Modification Petition [II] (which can likewise be considered as a Review Petition)[.]

*Id.*, F.F. No. 4.

On September 22, 2022, at Employer's request, Claimant underwent an impairment rating evaluation (IRE) by Dr. Vinit Pande. *See* C.R., Item No. 22, IRE Report. Accordingly, Dr. Pande reviewed the relevant medical history with Claimant and obtained her own summary of the events surrounding her December 13, 2016 work injury. *Id.* at 2. Dr. Pande then undertook an evaluation in accordance

3

with the 6th Edition, second printing, of the American Medical Association's Guides to the Evaluation of Permanent Impairment (AMA Guides).[1] Based on his review of the records and subsequent evaluation of Claimant, Dr. Pande agreed with the diagnosis of "multi-level lumbar radiculopathy" and of persistent, chronic pain. *Id.* at 6. Dr. Pande concluded that Claimant has reached maximum medical improvement and assigned her a whole-person impairment rating of 31%, indicating partial disability. *Id.* at 7.

Upon the completion of the IRE, Employer filed Modification Petition III on October 18, 2022. *See* C.R., Item No. 2. Therein, Employer asserted that it was "entitled to a modification of Claimant's indemnity benefits from total to partial in character based upon the September 22, 2022 [IRE]." *Id.* In a timely answer, Claimant contended that modification from total to partial disability was inappropriate and that her whole-person impairment rating was, in fact, "at least 35%." C.R., Item No. 4.

Following the matter's assignment to WCJ McCormick, Claimant testified at an August 7, 2023 hearing that she was recently suffering from symptoms of depression, withdrawal from opioid medication when her prescriptions could not be promptly filled, and frustration with her inability to complete household chores due to her impaired mobility. *See generally* C.R., Item No. 13, Hr'g Tr. at 9-21. Claimant also presented the deposition testimony of Dr. James Bonner, who performed a separate IRE of Claimant and assigned her an impairment rating of 36%.

---

[1] Section 306(a.3) of the Workers' Compensation Act (Act) provides that an employee who has received total disability benefits for 104 weeks "shall be required to submit to a medical examination which shall be requested by the insurer within [60] days upon the expiration of the [104] weeks to determine the degree of impairment due to the compensable injury, if any." Act of June 2, 1915, P.L. 736, *as amended*, added by the Act of October 24, 2018, P.L. 714, No. 111 (Act 111), 77 P.S. § 511.3(1). Furthermore, Section 306(a.3) instructs that the evaluation is to be conducted pursuant to the 6th Edition, second printing of the AMA Guides. *Id.*

*See generally* C.R., Item No. 18, Bonner Dep. (part 2) at 19. Dr. Bonner acknowledged that patients within Claimant's injury class could not properly receive an impairment rating beyond 33%, but gave her "4 extra points" because of her pain complaints. *Id.* On cross examination, Dr. Bonner recalled that he took part in a one-day seminar on the AMA Guides in 2008 but acknowledged that he had earned no credentials in that area since the 2009 release of the Sixth Edition, second printing, and could not recall performing another IRE after 2008. *Id.* at 23-24.

In a December 18, 2023 decision, WCJ McCormick granted Modification Petition III, finding that Employer met its burden of proof that Claimant's total impairment rating was below 35%. C.R., Item No. 5, C.L. No. 3. WCJ McCormick explained that Dr. Pande's findings were "based upon his review of the medical records, his examination of [] Claimant, and his clear explanation of his calculation of impairment based on the [6th Edition, second printing,] of the [AMA] Guides." *Id.*, F.F. No. 7. By contrast, WCJ McCormick rejected Dr. Bonner's conclusions, given that he lacked training to perform IREs pursuant to the AMA Guides' 6th Edition, second printing, and that his assignment of extra points for Claimant's pain complaints was "not supported" by that document. *Id.*, F.F. No. 8. WCJ McCormick credited Claimant's testimony on her recent difficulties but found her testimony "not dispositive regarding the issue of . . . total impairment." *Id.*, F.F. No. 6. Based on the foregoing, WCJ McCormick amended Claimant's benefits from total to partial disability, limiting eligibility to a 500-week period. *Id.*, Order.

On appeal to the Board, Claimant contended that several of WCJ McCormick's factual findings, including her credibility determinations, were unsupported by substantial, competent evidence. C.R., Item No. 6. Claimant also argued that WCJ McCormick's decision was legally erroneous, as it failed to heed

5

prior factual findings by WCJ Hakun. *Id.* In its December 27, 2024 order, the Board affirmed by unanimous vote, holding that WCJ McCormick properly granted Modification Petition III "based upon [her] reasoned credibility determinations." C.R., Item No. 8, Board Op. at 4. This appeal followed.[2]

## II. Issues

On appeal, Claimant maintains that WCJ McCormick was bound by WCJ Hakun's previous factual findings, most notably his finding that she suffered from post-laminectomy pain syndrome and lumbar radiculopathy, "*inter alia.*" WCJ Hakun Decision, F.F. No. 4. Claimant explains that the Latin phrase "*inter alia*" means "among other things" and, in the context of WCJ Hakun's decision, suggests that Claimant's ailments were *not* limited to just post-laminectomy pain syndrome and lumbar radiculopathy, but encompassed other diagnoses as well. Claimant's Br. at 9-10. Claimant also contends that Dr. Pande's testimony was unreliable given his failure to consider the impact of these other purported ailments in his IRE. Finally, Claimant argues that the Board improperly focused its review of WCJ McCormick's decision on her factual findings rather than what Claimant argues are errors of law.

## III. Discussion

The proper procedural mechanism for an employer seeking to change a claimant's status from total to partial disability is a petition to modify benefits. *See* Section 413(a) of the Act, 77 P.S. § 772 (providing that a WCJ "may, at any time, modify . . . an award . . . upon petition filed by either party with the department, upon proof that the disability of an injured employe has increased, decreased,

---

[2] Our review of a Board order is limited to determining whether the WCJ's findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *Lehigh Specialty Melting, Inc. v. Workers' Comp. Appeal Bd. (Bosco)*, 260 A.3d 1053, 1058 n.3 (Pa. Cmwlth. 2021).

6

recurred, or has temporarily or finally ceased[.]") Where, as here, an employer seeks modification based on the assertion that a claimant is partially disabled, the employer may satisfy its burden by showing that an IRE, performed in accordance with the AMA Guides' 6th Edition, second printing, resulted in an impairment rating of less than 35%. 77 P.S. § 511.3(1). The modification of a claimant's disability status from total to partial does not reduce the weekly compensation rate but limits the duration of future benefits to 500 weeks from the date of modification. *Hutchinson v. Annville Twp.*, 260 A.3d 360, 362 n.4 (Pa. Cmwlth. 2021).

First, Claimant contends that WCJ McCormick improperly disregarded injuries that WCJ Hakun previously found to have occurred as a result of the December 13, 2016 work incident. Claimant argues that WCJ Hakun's use of the phrase "*inter alia*" constitutes "*a statement that other diagnoses/impairments do exist.*" Claimant's Br. at 17 (emphasis in original).

Claimant's argument is unavailing, as it depends on a misconstruction of WCJ Hakun's words. In his decision, WCJ Hakun explained that he accepted the opinions of both Drs. Pharo and Purewal, "which[,] *inter alia*, include work-related post[-]laminectomy pain syndrome and lumbar radiculopathy." Contrary to Claimant's flawed reading of the sentence, the antecedent of the relative pronoun "which" is not Claimant's ailments but the doctors' *opinions*. A straightforward reading of the sentence thus makes clear that the phrase *inter alia* was not included to suggest that Claimant suffered from other ailments than the one listed, but to acknowledge that the doctors opined on a range of topics other than Claimant's specific diagnoses. Thus, we see no reason to suppose that WCJ Hakun intended to expand the injury description to encompass unspecified ailments.

7

Next, Claimant argues that Dr. Pande's testimony provided an insufficient basis for the granting of Modification Petition III. Claimant explains that a physician performing an IRE "must consider what other injuries or limitations have arisen because of the work injury throughout the whole body, not just the 'accepted injury.'" Claimant's Br. at 14-15 (quoting *Duffey v. Workers' Comp. Appeal Bd. (Trola-Dyne, Inc.),*152 A.3d 984, 987 (Pa. 2017)). Since Dr. Pande only evaluated Claimant's impairment as a result of her chronic pain and lumbar radiculopathy, Claimant maintains that his IRE was inadequate as a matter of law.

We disagree with Claimant. As explained above, WCJ Hakun did not find as fact that Claimant suffered from any diagnosed ailments other than the two referred to by name in the passage above; thus, Dr. Pande was under no obligation to consider additional, unnamed ailments during the IRE. Claimant's reliance on *Duffey* is misplaced, as the claimant in that case suffered from "additional injuries" that arose subsequent to the work incident and "were known at the time of the IRE." 152 A.3d at 992 n.12. There is no evidence in the record to suggest that any other injuries were "known at the time of the IRE"; to the contrary, Dr. Pande had no reason to suppose that he was to evaluate Claimant's impairment for anything other than lumbar radiculopathy and chronic pain, the two ailments that he discussed in his IRE report.

Finally, Claimant argues that the Board incorrectly reviewed WCJ McCormick's decision for credibility determinations rather than for errors of law. Claimant contends that she "never raised such an argument on appeal" but, rather, focused on WCJ McCormick's disregard of the injury description as supposedly found by WCJ Hakun. Claimant's Br. at 8. The Board thus failed to address the issue properly before it, i.e., WCJ McCormick's legal error. *Id.* at 17. Claimant's

argument that WCJ McCormick committed legal error is prefaced on her interpretation that WCJ Hakun found that other diagnoses/impairments exist vis-à-vis use of the term "*inter alia*." Because, as explained above, we reject Claimant's interpretation of such language, her argument that WCJ McCormick committed legal error also necessarily fails.

### IV. Conclusion

For the foregoing reasons, we affirm the Board.


_____
MATTHEW S. WOLF, Judge


Judge Fizzano Cannon did not participate in the decision in this matter.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Gail Smith, | : |
|            Petitioner | : |
| | : |
|      v. | :    No. 89 C.D. 2025 |
| | : |
| Atria Management Company, LLC | : |
| (Workers' Compensation Appeal | : |
| Board), | : |
|            Respondent | : |

## **O R D E R**

AND NOW, this 11th day of June 2026, the order of the Workers' Compensation Appeal Board in the above-captioned matter, dated December 27, 2024, is hereby AFFIRMED.

_____
MATTHEW S. WOLF, Judge